IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM M. GURLEY                                                                                       PLAINTIFF

v.                                              No. 3:04CV00148 JLH

CITY OF WEST MEMPHIS, ARKANSAS                                                          DEFENDANT

## OPINION AND ORDER

William M. Gurley brought this action under the Comprehensive Environmental Response Compensation and Liability Act of 1980, 42 U.S.C. § 9601 et seq., against the City of West Memphis. He seeks contribution from the City for liability that he incurred when the Environmental Protection Agency successfully brought suit against him for the environmental cleanup of the South Eighth Street Landfill in West Memphis. Gurley has filed a motion for partial summary judgment in which he asks, first, that the Court find as a matter of law that the City's settlement with other parties in another case does not bar his claim for contribution, and, second, that the City is liable for contribution as an operator or as an arranger or transporter of hazardous wastes. The City has also filed a motion for summary judgment, arguing, first, that Gurley is barred from bringing suit under 42 U.S.C. § 9607; second, that it is protected from Gurley's claim for contribution by virtue of a settlement with different parties in a different case; and, third, that as a matter of law it is not a responsible party as defined by CERCLA.

Gurley admits that he cannot bring a direct action for contribution pursuant to 42 U.S.C. § 9607. Accordingly, summary judgment is granted on behalf of the City on Gurley's § 9607 claim.

Gurley does, however, contest the City's other contentions. For the following reasons, the Court finds as a matter of law that the City's settlement with other parties does not bar Gurley's

claim for contribution. Gurley's motion for summary judgment is granted on that issue; the City's motion for summary judgment on that issue is denied. Gurley's motion for summary judgment on the City's liability as a past operator or as an arranger or transporter is denied. The City's motion for summary judgment on the issue of whether it is a responsible party is denied.

### I.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### II.

The subject of this action is the South Eighth Street Landfill Superfund Site in West Memphis, Arkansas, a tract of land adjacent to the Mississippi River. Between the early 1950s and 1971, the City used portions of the site as a disposal area for municipal solid wastes. During that same time period, Gurley used a 2.5-acre portion of the site (dubbed the "oily sludge pit" by the Environmental Protection Agency) to dump the industrial waste from his oil reclamation business, Gurley Refining Company, Incorporated.

In October 1992 the South Eighth Street Site was listed on the National Priorities List. In August 1992, the EPA initiated a remedial investigation and feasibility study that addressed the nature and extent of contamination at the site and identified alternative means of remedying the

contamination. During that process the EPA named both the City and Gurley, as well as several private companies, as potentially responsible parties (PRPs) for the contamination. On September 27, 2001, Gurley was held liable for the response costs incurred by the United States at the site as well as response costs to be incurred in the future at the site. *United States v. Gurley*, 317 F. Supp. 2d 870, 875 (E.D. Ark. 2004).

On December 19, 2000, a consent decree was entered between the United States and a group of more than 170 PRPs, not including Gurley or the City. *USA v. Aircraft Serv. Int'l, Inc., et al.*, No. 3:98CV00362 (E.D. Ark. Dec. 19, 2000) (Document #66). That group of PRPs then brought suit against the City for contribution. *Signature Combs, Inc., et al. v. City of West Memphis*, No. 3:99CV00315 (E.D. Ark.) (filed Aug. 3, 1999). The City and the group settled. An order entered June 27, 2005, dismissed the group's claims against the City and purported to bar any future actions for contribution against the City based on the environmental cleanup of the South Eighth Street Site. *See id.* (Document #16). Gurley filed this suit on April 21, 2004, before the settlement in *Signature Combs*. Gurley did not receive notice of the settlement in *Signature Combs* before the June 27, 2005, order was entered and had no opportunity to participate in the settlement or to object to its approval.

### III.

The City argues that Gurley is barred from bringing this contribution action because of the judicially-approved settlement between the City and other private-party PRPs in *Signature Combs, Inc., et al. v. City of West Memphis*, No. 3:99CV00315 (E.D. Ark.). The June 27, 2005, order in *Signature Combs* stated:

3

> The Settling Defendant [the City] is entitled, as of the date of entry of this Order, to protection from contribution actions or claims, such protection to be equivalent to the protection provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for all matters addressed in the Consent Decree entered on December 19, 2000 in Civil Action Nos. J-C-98-362 and J-C-98-363 by the United States District Court for the Eastern District of Arkansas, Jonesboro Division ("Consent Decree") and all such contribution claims are, therefore, **BARRED**.

"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 117, 85 L. Ed 22 (1940) (citing *Pennoyer v. Neff*, 95 U.S. 714, 24 L. Ed. 565 (1877)). Gurley was not a party to either the settlement or the action in *Signature Combs*, so that order does not bind him.[1] Thus, the fact that the June 27 order in *Signature Combs* purported to bar other contribution claims, by itself, is not sufficient to bar Gurley's suit.

The City argues, however, that CERCLA § 113(f)(2), codified at 42 U.S.C. § 9613(f)(2), mandates that this Court bar Gurley's contribution suit. Section 113(f)(2) establishes a contribution bar that applies to those who settle their liability for environmental cleanup with the United States or a State. The City asserts that § 113(f)(2) can be interpreted to apply to settlements with private parties. Section 113(f)(2) states:

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

---

[1] The City does not argue that Gurley was in privity with any of the parties in *Signature Combs* such that he would be bound by decisions in that case. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7, 99 S. Ct. 645, 649 n.7, 58 L. Ed. 2d 552 (1979).

"The starting point in any question of statutory interpretation is the language of the statute itself." *United States v. Schoppert*, 362 F.3d 451, 455-56 (8th Cir. 2004).  Absent a clear legislative intent to the contrary, the plain language of the statute at issue controls if it is unambiguous.  *Trustees of Twin City Bricklayers Fringe Benefits Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 329 (8th Cir. 2006); *Haug v. Bank of Am., N.A.*, 317 F.3d 832, 835 (8th Cir. 2003).  If, on the other hand, the language of the statute is ambiguous, the Court "should consider the purpose, the subject matter, and the condition of affairs which led to its enactment."  *United States v. Mickelson*, 433 F.3d 1050, 1052 (8th Cir. 2006) (quoting *United States v. McAllister*, 225 F.3d 982, 986 (8th Cir. 2000)).

The unambiguous language of § 113(f)(2) limits the application of the contribution bar to those persons who have settled with "the United States or a State."  The plaintiffs with whom the City settled in *Signature Combs* are not "the United States or a State."[2]  Therefore, § 113(f)(2) does not bar Gurley's claim for contribution.  *Accord Simon*, 247 F.3d at 627-28 (noting that § 113(f)(2) applies "only when the settlement is with the federal government or a state government"); *Foamseal, Inc. v. Dow Chemical Co.*, 991 F. Supp. 883, 886 (E.D. Mich. 1998); *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 834 F. Supp. 342, 345-46 (D. Kan. 1993) (noting that § 113(f)(2) "does not apply to private settlements"); *Comerica Bank-Detroit v. Allen Indus., Inc.*, 796 F. Supp. 1408, 1413 (E.D. Mich. 1991) ("The plain language of the statute limits § 113(f)(2) to settlements between a private

---

[2] The City *has not* argued that it is a "State" for purposes of § 113(f)(2).  *Compare City of Detroit v. Simon*, 247 F.3d 619, 628 (6th Cir. 2001) (noting that "[t]he city of Detroit is certainly not 'the United States' [a]nd Eaton had no reason to suppose that the city could be equated with 'a State.'"), *with City of New York v. Exxon Corp.*, 697 F. Supp. 677 (S.D.N.Y. 1988) (holding that the city of New York was "a state" for purposes of § 113(f)(2)), *and City & County of Denver v. Adolph Coors Co.*, 829 F. Supp 340, 343-44 (D. Colo. 1993) (holding that "Congress did not intend for its listing of 'United States or a State' in CERCLA § 113(f)(2) to be exclusive of cities").  Rather, the City characterizes the *Signature Combs* settlement in its briefs exclusively as a private-party settlement.

party and a governmental body like a state or the United States."). "Where the language of a statute is unambiguous, the statute should be enforced as written unless there is a clear legislative intent to the contrary." *Haug*, 317 F.3d at 835 (internal quotation marks omitted).

Several cases have approved settlements between private parties when those settlements barred contribution claims of parties who did not join the settlements. *See United States v. Mallinckrodt, Inc.*, No. 4:02CV01488, 2006 WL 3331220, at *3 (E.D. Mo. Nov. 15, 2006) ("The Court believes that it would be contrary to CERCLA's objective of encouraging settlement not to grant private parties the same protection from suits for contribution that the United States or a State enjoys."); *United States v. SCA Servs. of Ind., Inc.*, 827 F. Supp. 526, 532 (N.D. Ind. 1993); *Allied Corp. v. ACME Solvent Reclaiming, Inc.*, 771 F. Supp. 219, 222 (N.D. Ill. 1990) ("It is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after the settlement, it would remain open to contribution claims from other defendants."); *Lyncott Corp. v. Chem. Waste Mgmt., Inc.*, 690 F. Supp. 1409, 1418-19 (E.D. Pa. 1988). In all of those cases, however, the nonsettlors challenging the application of the contribution bar were parties to the suit in which the settlement was being entered and had an opportunity to be heard before the Court decided whether to approve the settlement. Whether this Court would approve of a settlement between private parties under those circumstances is not an issue presented in this case.

Gurley was not a party to the *Signature Combs* litigation and had no opportunity to participate in or object to the settlement. Applying the contribution bar would be inconsistent with the plain language of § 113(f)(2) as well as basic principles of fairness. As was stated above, "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not

been made a party by service of process." *Hansberry*, 311 U.S. at 40, 61 S. Ct. at 117. Nothing in § 113(f)(2) suggests that Congress intended to overturn this ancient principle in cases in which neither the United States nor a state is a party.[3] *Cf.* Christopher D. Man, *The Constitutional Rights of Nonsettling Potentially Responsible Parties in the Allocation of CERCLA Liability*, 27 ENVTL. L. 375, 396 n.118 (1997) ("[I]t is particularly difficult to reconcile the ability of private parties to adjust the obligations of third parties with the Due Process Clause."). Section 113(f)(2) does not bar Gurley's claim for contribution.

**IV.**

Both parties have moved for summary judgment on the issue of whether the City is liable under CERCLA § 113(f)(1), codified at 42 U.S.C. § 9613(f)(1), as a past operator of the South Eighth Street Site or as a past arranger or transporter of hazardous materials to the site. In their moving papers, however, both parties also have requested that they be granted an opportunity to conduct more discovery on this issue.[4] Accordingly, the Court denies both motions for summary judgment on this issue without prejudice to the parties to renew those motions after further discovery.

---

[3] The cases cited by the City, *United States v. Cannons Eng'g Corp.*, 899 F.2d 79 (1st Cir. 1990), and *United States v. BP Amoco Oil*, No. 4-99-10671, 2000 WL 35503251 (S.D. Iowa Sept. 29, 2000), are both inapposite. In those cases, parties to the litigation were objecting to the fact that they had not received notice and an opportunity to be heard concerning the fairness of the United States's settlement with co-defendants. *See Cannons Engineering Corp.*, 899 F.2d at 83, 93-94; *BP Amoco Oil*, 2000 WL 35503251, at *1, *3-*4. In contrast, the City here attempts to preclude Gurley from challenging the apportionment of liability reached in a settlement in a case in which Gurley was not a party. *Cf. Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180, 104 L. Ed. 2d 835 (1989) (holding that firefighters were not precluded from challenging employment decisions taken pursuant to a consent decree entered in a case to which they were not a party).

[4] Document #51 at 16; Document #57 at 1 n.1.

## CONCLUSION

For the reasons stated above, Gurley's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. Document #29. Gurley's motion is granted on the issue of whether the City is protected from his claim for contribution by virtue of the settlement and order of dismissal in *Signature Combs, Inc., et al. v. City of West Memphis*, No. 3:99CV00315 (E.D. Ark.). Gurley's motion for summary judgment is denied as to all other issues. The City's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #43. The City's motion for summary judgment is granted on the issue of whether Gurley may bring a direct action for contribution pursuant to 42 U.S.C. § 9607. The City's motion for summary judgment is denied as to all other issues.

IT IS SO ORDERED this 13th day of June, 2007.

/s/ J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE